UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRECISION GLASSWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALI GHANNAM, et al., <br><br> Defendants. | Case No. 15-cv-03227-HSG <br><br> **ORDER GRANTING MOTION TO SET ASIDE DEFAULT** <br><br> Re: Dkt. No. 27 |

Pending before the Court is Defendants' motion to set aside default. Dkt. No. 27. For the reasons explained below, the Court GRANTS the motion.

## I. BACKGROUND

Plaintiff Precision Glassworks, Inc. filed a complaint against Defendants Ali Ghannam, Sam Ghannam, and Big Al's Smoke and Gift Shop on July 10, 2015 alleging trademark infringement, copyright infringement, false advertising, and counterfeiting. Dkt. No. 1. Despite a service of summons in September 2015, Defendants failed to make an appearance or file an answer to the complaint. The Court held an initial case management conference on October 13, 2015, where Defendants failed to appear. Dkt. No. 22. On October 16, 2015, Plaintiff filed a motion for entry of default as to each defendant, Dkt. Nos. 23, 24, 25, and on October 19, 2015, the Clerk of the Court entered the default. Dkt. No. 26. On March 21, 2016, five months after the entry of default, Defendants file the instant motion to set aside the default. Dkt. No. 27.

## II. LEGAL STANDARD

The district court has discretion to set aside a default or a default judgment. Fed. R. Civ. P. 55(c), 60(b); *Brandt v. Am. Bankers Ins. of Florida*, 653 F.3d 1108, 1111-12 (9th Cir. 2011). Under Rule 55(c), a court may set aside an entry of default for "good cause." *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)

("Mesle"). To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors: 1) whether the defendant engaged in culpable conduct that led to the default; 2) whether the defendant lacked a meritorious defense; and 3) whether reopening the default would prejudice the plaintiff. *See id.* (citing *Franchise Holding II, LLC v. Huntington Rests. Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This standard is disjunctive, meaning the court may deny the request to vacate default if any of the three factors is true. *See id.* (citing *Franchise Holding II*, 375 F.3d at 925). "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.*

When considering whether to vacate entry of default under Rule 55(c), the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt*, 653 F.3d at 1111 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.*, 507 U.S. 380, 395 (1993)). The decision ultimately lies in the discretion of the court. *Brandt*, 653 F.3d at 1111-12.

As the party seeking to set aside entry of default, a defendant bears the burden of showing good cause under this test. *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513-14. To ensure that cases are decided on the merits whenever possible, the court resolves any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

### III. DISCUSSION

The first question under Rule 55(c) is "whether [the defendant] engaged in culpable conduct that led to the default." *Mesle*, 615 F.3d at 1091. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally failed* to answer" or otherwise defend the action. *Id.* at 1092; Fed. R. Civ. P. 55(a). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather . . . the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or

otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (citation omitted); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 (9th Cir. 2001) (noting that conduct is culpable when it demonstrates a "devious, deliberate, willful, or bad faith failure to respond") *overruled on other grounds*. In other words, "intentional" in the default context is something more than merely "the result of conscious choice" not to respond. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988) (emphasis added).

Here, Defendants concede that they learned of the lawsuit in July 2015. Dkt. No. 27 at 3 (stating they "received the present lawsuit in the mail at the Business"). Defendants contend that their absence was due to their attempt to determine "what had occurred factually while avoiding the expense, unforseeability and aggravation of litigation." Dkt. No. 27 at 5. Defendants additionally appear to blame Plaintiff's counsel for Defendants' failure to attend the case management conference or answer the complaint: "Plaintiff, involved in settlement dialogue, well aware that Defendants had retained counsel and aware of counsel, went ahead and sought a default without as much of a phone call or email to defense counsel alerting him that His Honor instructed him to do so." Dkt. No. 27 at 4.

Although the Court finds Defendants' explanation thoroughly inadequate, the Court also cannot conclude that Defendants engaged in "culpable conduct" as defined by the Ninth Circuit. The proffered explanation for the default does not evince an attempt "to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *See Mesle*, 615 F.3d at 1092; *see* Dkt. No. 27-1 ¶ 5 (Defendant's counsel claims to believe that Plaintiff's attorney had agreed to a 60 to 90 day period during which counsel could complete an investigation of the claims and begin settlement dialogue). Accordingly, this factor does not support denial of the motion.

Second, to satisfy the meritorious defense element, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094. The burden to show a meritorious defense in support of a motion to set aside default "is not extraordinarily heavy." *Id.* Defendants need only "allege sufficient facts that, if true, would constitute a defense . . . ." *Id.*

3

Defendants have alleged some facts that may support meritorious defenses to the claims advanced in this action. Defendants contend that there is only one alleged transaction of infringement and the evidence to support the transaction is questionable. Dkt. No. 27 at 5. Defendants also argue that the lack of evidence of willfulness would at the very least support a reduced statutory damages amount. Accordingly, this factor weighs in favor of setting aside the default.

Third, prejudice exists where a plaintiff's "ability to pursue [their] case will be hindered." *See TCI Grp.*, 244 F.3d at 701. A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" for the setting aside of default to be prejudicial to the plaintiff. *Id.*

Defendants contend that prejudice to Plaintiff would be minimal, given that Plaintiff has "only incurred the time and expense of the drafting and filing the complaint, a case management conference statement and the two page motion for entry of default." Dkt. No. 27 at 4. Given the balance of factors and the importance of resolving a case on its merits, the Court agrees that prejudice would be minimal. Thus, this factor also does not serve a basis for denying Defendant's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to set aside the default. The parties are directed to attend a case management conference on May 24, 2016 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: May 10, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

4